UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROGER DALE SMITH, | : | Case No. C-1-00-0542 |
| | : | CR-1-97-029 |
| Petitioner, | : | |
| | : | Judge Susan J. Dlott |
| vs. | : | Magistrate Judge Timothy S. Black |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**REPORT AND RECOMMENDATION[1] THAT DEFENDANT SMITH'S MOTION TO VACATE HIS SENTENCE (Doc. 91) BE DENIED AND THIS CASE BE CLOSED**

On July 5, 2000, Petitioner Roger Dale Smith filed a *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. 91). On December 15, 2005, this undersigned U.S. Magistrate Judge held an evidentiary hearing on the matter. (*See* Transcript of 12/15/05 Hearing ("Tr.") at Doc. 114). Subsequently, on February 15, 2006, Petitioner, through counsel, submitted a motion in support of his motion to vacate (Doc. 113), and, on March 15, 2006, the United States submitted a post hearing response. (Doc. 115). The issues are therefore ripe for review.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

I.  BACKGROUND

On September 11, 1997, a jury found Petitioner guilty of conspiracy to possess with intent to distribute marijuana under 21 U.S.C. § 846 and attempt to possess with intent to distribute marijuana under 21 U.S.C. §§ 846, 841(a)(a) and (b)(1)(A), and 18 U.S.C. § 2.  (Doc. 53).  On January 29, 1998, the Court sentenced Petitioner to 299 months.  (Doc. 63).  On February 8, 1999, Petitioner appealed the judgment to the United Stated Court of Appeals for the Sixth Circuit (Doc. 84), which, on July 2, 1999, affirmed the judgment of the Court (Doc. 86).

Petitioner's instant motion is based on claims of ineffective assistance of counsel during his jury trial and sentencing before the Court.  Specifically, Defendant focuses on three areas: (1) failure to investigate and present witnesses at trial; (2) ineffective presentation of expert testimony; and (3) failure to adequately discuss plea options.  Each of Petitioner's arguments will be addressed in turn.

II.  STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  *Id.*  To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error

violative of due process." *Nagi v. United States,* 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States,* 21 F.3d 107, 109 (6th Cir. 1994)).

Claims of ineffective assistance of counsel are analyzed under the standard enunciated in *Strickland v. Washington,* 466 U.S. 668, 688 (1984). "To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland,* 466 U.S. at 694). A review of counsel's performance must be highly deferential and requires the Court to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." *Monzo v. Edwards,* 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland,* 466 U.S. at 689). An error by counsel, "even if professionally unreasonable," will "not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland,* 466 U.S. at 691. That is to say, it must be demonstrated that counsel's performance "caused the defendant to lose what he otherwise would probably have won" and that it was "so manifestly ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow,* 977 F.2d 222, 229 (6th Cir. 1992).

In evaluating whether Petitioner's Sixth Amendment rights were violated by errors of counsel, the focus is on whether there was a breakdown in the adversarial process affecting the fundamental fairness of the trial and the reliability of the result.  *Strickland,* 466 U.S. at 687, 696.  Bare allegations of ineffectiveness are insufficient.  *Id*.

## II.  ANALYSIS

### A.  Whether Trial Counsel Was Ineffective for Failing to Investigate and Present Witnesses at Trial

Petitioner's first assignments of error revolve around trial counsel's failure to investigate and present witnesses to support Petitioner's defense.  At trial, Petitioner's defense was that the government's key witness, Dennis Kelehar, was lying when he claimed that he was delivering marijuana to Petitioner.  (Doc. 113).  Instead, Petitioner asserted that he expected to receive pottery and hay in the shipment from Mr. Kelehar, not marijuana.  (*Id*.)  Petitioner contends that trial counsel should have investigated and presented witnesses who would have supported Petitioner's defense at trial.  (*Id*.)

Specifically, Petitioner claims that he instructed his attorney to present the testimony of Martha Lynn Morrow at trial.  (Doc. 113).  Ms. Morrow was arrested with the Defendant and subsequently indicted.  (*Id*.)  Her case, however, was dismissed.  (*Id*.)  Ms. Morrow's testimony was provided at the evidentiary hearing before this Court on December 15, 2005, for the purpose of establishing what she would have said had she been called as a witness during the trial.  (*Id*.)

Ultimately, Petitioner claims that had Ms. Morrow been called as a defense witness, the outcome of the trial would have been different. (Doc. 113). This allegation is not supported by her testimony at the December 15, 2005 evidentiary hearing.[2] (Tr. at 24). Although Ms. Morrow testified that she and Petitioner intended to buy pottery in order to start a business and described how she went with Petitioner to Texas to purchase pottery for such business, her testimony also revealed that:

(1) she told the DEA that she suspected Petitioner to be dealing in marijuana;
(2) she did not know Petitioner's true name;
(3) Petitioner was using the name "Roger Bennet";
(4) Petitioner did not have a job but he had cash;
(5) she was in Texas with Petitioner and the driver Kelehar;
(6) Petitioner arranged to have a nationwide pager put in her name;
(7) she had no need for a nationwide pager herself;
(8) Petitioner had her title automobiles in her name;
(9) one of those automobiles was driven to California and left in a parking lot; &
(10) Petitioner mentioned to her, just before their arrest, that Kelehar appeared nervous.

(Tr. at 23-30). None of these facts would have helped Petitioner's case. In fact, such statements would likely have been detrimental to Petitioner at trial.

Additionally, it is important to note that at the December 15, 2005 hearing, Ms. Morrow acknowledged that Mr. Pinales, Petitioner's defense counsel, spoke with her about what her testimony would be if she was called at trial. (Tr. at 24). Therefore, it appears that Mr. Pinales decided not to call Ms. Morrow as a witness based on his conversation with her. "Calculated trial strategy based upon professional judgment

---

[2] Indeed, in 14 years of judging, the undersigned has *never* encountered a less credible defense nor less credible witnesses than Morrow and Smith.

without more is not a ground for ineffective assistance of counsel." *Vitoratos v. Jago*, 633 F.2d 220, 220 (6th Cir. 1980).

Petitioner also maintains that his attorney was ineffective for failing to investigate additional witnesses, including: Michael Corbett, Carl Lippert, Heather Gravely, Andrew Hall, and Steven Corbett. (Doc. 113). With regard to these potential defense witnesses, Mr. Pinales provided a detailed affidavit that neither he, nor his investigator, were aware of these individuals. (Doc. 115, Ex. 1, ¶ 6).

> "Mr. Leo Rolfes, a retired Internal Revenue Service CID, was asked to locate any and all persons whose names were supplied to us by either Roger Smith or by his sister, who was my outside contact in this case. All witnesses named by either Mr. Smith or his sister were checked out. A review of my file disclosed that the names of Myrtle Burns, Louis Goins, William Heath, Rocky Lambert, Wade Murray, Kirit Patel, Rich Tipple and Johnny Varno were given to us, all of whom were checked out by our investigator and the results reviewed with Mr. Smith."

(*Id.*)

Therefore, the undersigned finds that counsel's purported failure to investigate additional witnesses cannot be substantiated.

Accordingly, neither the unsubstantiated failure to investigate additional witnesses nor counsel's strategic decision not to call Ms. Morrow as a witness at trial constitute grounds for a successful claim of ineffective assistance of counsel.

### B. Whether Trial Counsel Was Ineffective in Preparing and Presenting Expert Testimony

Petitioner alleges that trial counsel was ineffective in his presentation of expert witness Hal Arenstein, an attorney who specializes in criminal law. (Doc. 113). In an effort to impeach the government informant, Dennis Kelehar, defense counsel called attorney Hal Arenstein to testify about the Sentencing Guidelines and the effect Mr. Kelehar's cooperation with the government may have had on the length of Mr. Kelehar's own sentence. (*Id.*)

The undersigned declines to evaluate the "effectiveness" of Mr. Arenstein's testimony because the substance of such testimony -- regardless of its "ineffectiveness" -- could not have caused Defendant to lose what he otherwise probably would have won. Mr. Arenstein's testimony did not go to any element of the crimes charged or establish innocence, but rather addressed the tangential issue of what incentive Mr. Kelehar may have had to cooperate with the government.

Petitioner cites two cases, *Combs v. Coyle*, 205 F.3d 269 (6th Cir. 2000), and *Powell v. Collins*, 332 F.3d 376 (6th Cir. 2000), to support his argument. However, both cases are state court death penalty cases where the testimony of a medical expert would have negated the intent element of the crimes charged had the experts been properly prepared. *(Id.)* Conversely, Mr. Arenstein's testimony could not have negated any element of Petitioner's charges.

Accordingly, it is unreasonable for Petitioner to argue that the proceedings could have had a different outcome had counsel more effectively prepared and presented expert testimony, since Mr. Arenstein's testimony did not address any element of the crimes charged and therefore could not have effected the outcome of the case.

### C. Whether Trial Counsel Was Ineffective For Failing to Adequately Discuss Plea Options

Finally, the Petitioner alleges that trial counsel was ineffective in failing to properly advise Petitioner about a plea bargain.  (Doc. 113).

As a threshold matter, there is *no* constitutional right to a plea bargain.  *Mabry v Johnson*, 467 U.S. 504 (1984); *Moss v. United States*, 323 F.3d 445, 453 (6th Cir. 2003).

Here, Petitioner claims that trial counsel failed to adequately advise him about the possibility of a reduced sentence based upon cooperation with the government and entry of a guilty plea, and, that had he been properly advised, he would have likely accepted a guilty plea in return for a lower sentence given the nature of the evidence against him. (Doc. 113).

According to Mr. Pinales, however, plea negotiations broke down when Petitioner refused to cooperate by providing substantial assistance in the prosecution of others. (Doc. 115).  In his affidavit, Mr. Pinales clearly states that he communicated with Petitioner that any plea agreement would require his cooperation, but that Petitioner was not interested and "no firm offers or formal plead discussions occurred thereafter per Mr. Smith's instructions."  (Doc. 115, Ex. 1, ¶ 5).

Therefore, Petitioner has failed to show that counsel's assistance was objectively deficient as Petitioner does not have a Consitutional right to a plea agreement.

### III.  CONCLUSION

Wherefore, for the foregoing reasons, the undersigned **RECOMMENDS** that Petitioner's motion to vacate (Doc. 91) be **DENIED** and that this case be **CLOSED**.

Date: <u>September 3, 2008</u>　　　　　　　　　　　　<u>s/Timothy S. Black</u>
　　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| ROGER DALE SMITH, | : | Case No. C-1-00-0542 |
| | : | CR-1-97-029 |
| Petitioner, | : | |
| | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Timothy S. Black |
| vs. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **TEN (10) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **TEN (10) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).